**LiHui LIN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

**No. 08–3848–ag.**

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Dehai Zhang, Flushing, New York, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; David V. Bernal, Assistant Director, Tiffany Walters Kleinert, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: B.D. PARKER, RICHARD C. WESLEY, DEBRA ANN LIVINGSTON, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

**SUMMARY ORDER**

LiHui Lin, a native and citizen of the People's Republic of China, seeks review of a July 17, 2008 order of the BIA, affirming the January 29, 2007 decision of Immigration Judge ("IJ") Jeffrey S. Chase, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re LiHui Lin*, No. A99 427 373 (B.I.A. July 17, 2008), *aff'g* No. A99 427 373 (Immig. Ct. N.Y. City Jan. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir.2008). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

■ Substantial evidence supports the agency's finding that Lin failed to satisfy his burden of proof as to his application for asylum and withholding of removal. We defer to the BIA's rule that "[w]hile consistent, detailed, and credible testimony may be sufficient to carry the alien's burden, evidence corroborating his story, or an explanation for its absence, may be required where it would reasonably be expected." *Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000). In this case, the agency reasonably declined to credit a U.S. doctor's conclusion that Lin had been steri-

lized where such conclusion appeared to be based entirely on information provided by Lin as opposed to medical evidence of sterilization. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir.2006) (noting that the weight afforded to evidence "lies largely within the discretion of the IJ" (internal quotation marks and citations omitted)). Moreover, the agency did not err in finding Lin's brother's letter inadequate to corroborate his claim of forced sterilization in the absence of "medical records, receipts, or a probative medical report," where such evidence was reasonably available. Although a reasonable fact finder might determine that the record evidence demonstrates that Lin suffered a forced sterilization, the record does not compel such a conclusion, *see* 8 U.S.C. § 1252(b)(4)(B); accordingly, we do not find that the agency erred in determining that Lin failed to establish that he had suffered past persecution.[2] *See Jian Hui Shao*, 546 F.3d at 157–58.

■ As the agency reasonably concluded that Lin had not suffered past persecution, he was not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). Absent past persecution, an applicant may establish eligibility for asylum by showing that he subjectively fears persecution on account of an enumerated ground and that his fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004). In this case, substantial evidence supports the agency's determination that Lin failed to establish a well-founded fear of future persecution. Indeed, the agency reasonably relied on Lin's admission that he had lived unharmed in China from June 1997 until leaving China for the United States almost eight years later in May 2005. *Cf. Melgar*

---

2. Because we find that the agency did not err in declining to credit Lin's claim that he had been forcibly sterilized, his argument that the

BIA departed from *Matter of Y–T–L–*, 23 I. & N. Dec. 601, 605 (BIA 2003) fails.

*de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999) (finding that where asylum applicant's mother and daughters continued to live in petitioner's native country, claim of well-founded fear was weakened). The agency also reasonably noted that Lin failed to demonstrate that government officials might seek to harm him. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005).

Accordingly, as the agency reasonably found that Lin failed to demonstrate past persecution or a well-founded fear of persecution, it reasonably denied his application for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Lin waives any challenge to the agency's denial of his application for CAT relief, we decline to review the agency's decision insofar as it denied such relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.